Case 2:15-cv-00470   Document 35   Filed in TXSD on 07/13/16   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEROME JOHNSON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-470 |
| § | |
| LORIE DAVIS, *et al*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, Petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 13, 2015 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment. Respondent filed a motion for summary judgment on March 2, 2016 to which Petitioner responded on May 9, 2016 (D.E. 15, 18). Respondent was ordered to produce additional documentation and has done so (D.E. 21, 25, 26, 32). As discussed more fully below, it is respectfully

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on November 13, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

recommended that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be denied.  It is further recommended that a Certificate of Appealability be denied.  In addition, Petitioner's objections to the evidence submitted by Respondent (D.E. 32, 33) are overruled.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a forty-two-year sentence for aggravated sexual assault (Ex. B to Supp. Resp. to Order; D.E. 32-1 at pp. 3-12).  Petitioner does not complain about his holding convictions, but challenges the results of a disciplinary hearing.  In disciplinary case number 20150349356 Petitioner was accused and found guilty of attempting to establish an inappropriate relationship with a correctional officer by throwing her several kisses (Disp. Report, D.E. 26-3 at p. 3).

In the offense report the charging officer wrote that on August 6, 2015 Petitioner approached her when she was working behind the chow hall line.  He stared at her, threw several kisses toward her and then handed her his ID in an effort to establish an inappropriate relationship with her (Off. Report, D.E. 26-3 at p. 4).  During the investigation of the event the Petitioner said he did not throw any kisses at the officer (Prelim. Invest. Rept., D.E. 26-3 at p. 5).

At the hearing, the charging officer testified via telephone that she was working in the chow hall when Petitioner started blowing kisses at her and tried to give her the personal information off of his ID card.  In the hearing record it was noted that Petitioner was excluded from the hearing because of disruptive behavior (Disp. Report, D.E. 26-3 at p. 3).  However, he was allowed to discuss the case with his counsel and she relayed that his testimony was that he was not blowing kisses but was demonstrating how he was going to eat watermelon (Hrg. Worksheet, D.E. 26-3 at p. 11).

Petitioner was found guilty based on the officer's report and testimony.  He was punished with the loss of forty-five days of commissary, property and telephone privileges, a reduction in Line Class from L1 to L2[2] and the loss of fifteen days of good time (*Id.*).

Petitioner filed Step 1 and Step 2 grievances, arguing that his conduct of blowing kisses should have been classified as the less serious offense of discourteous conduct of a sexual nature rather than attempting to establish an inappropriate relationship.  Prison administrators responded that the disciplinary charges were appropriate for the offense

---

[2] The amount of good conduct time an inmate can earn depends on his Line Class.  When offenders enter TDCJ they are assigned a time-earning status of Line Class I and may work their way into a higher time-earning status or be placed in a lower time-earning status, depending on their behavior.  The number of good conduct days which may be earned in a particular Line Class is fixed by statute.  TDCJ Offender Orientation Handbook, rev. Sept. 2015 at p. 8.
http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf (last viewed July 12, 2016).

and that all due process requirements were satisfied (Disp. Grv. Recs., D.E. 26-2 at pp. 3-6).

In this habeas action, Petitioner asserts that (1) the offense code with which he was charged, attempting to establish an inappropriate relationship, does not fit his conduct of blowing a kiss; (2) he received ineffective assistance from his counsel substitute because she did not attempt to have the offense level reduced before the hearing or argue that the charge was inappropriate for the conduct; (3) he was the victim of malicious prosecution and (4) he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights.

In Respondent's motion for summary judgment, she argues that because Petitioner is not eligible for release to mandatory supervision, he cannot make out a claim that his due process rights have been violated by the loss of good time. Respondent also argues that the other disciplinary actions do not implicate the Due Process clause of the Constitution and that Petitioner's arguments are otherwise without merit. In addition, Respondent contends that if Petitioner wishes to pursue an Eighth Amendment claim, he should do so via a 42 U.S.C. § 1983 action. Respondent concedes that the petition is not time-barred or successive but does not address whether Petitioner exhausted his administrative remedies.

In response, Petitioner argues that he has a liberty interest in his good time credits and also in his custody classification. He also asserts that he was not allowed to call witnesses at the hearing. In addition, Petitioner repeats his argument that he received ineffective assistance from his counsel substitute. Petitioner does not dispute that he is

ineligible for release to mandatory supervision, but argues that eligibility for parole should be considered a liberty interest.

## APPLICABLE LAW

### A. Objections to Evidence

As an initial matter, Petitioner objects to the authenticity of evidence submitted by Respondent (D.E. 33, 34). Respondent was ordered to produce records confirming that Petitioner was convicted of an offense that caused him to be ineligible for release to mandatory supervision (D.E. 21). In response to the order, Respondent produced certified copies of the judgment in Petitioner's case (D.E. 32-1). Petitioner objects, arguing that the evidence did not include a photograph of him and also that Respondent did not include a certified copy of the indictment or the commitment order in his case.

The certified copy of the judgment bears the same case number, F01-53637-JH, that Petitioner identified as being the case on which he was convicted (D.E. 1, p. 2; D.E. 32-1, p. 5). The undersigned is satisfied that the certified judgment confirms that Petitioner was convicted of aggravated sexual assault. Accordingly, Petitioner's objections to the evidence are overruled.

### B. Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id.* Thus, to the extent Petitioner is claiming that his constitutional rights were violated by the revocation of privileges, he fails to state a claim because the revocation did not represent an atypical, significant deprivation in which the State of Texas might have created a liberty interest.

### 1. Line Class

Petitioner's Line Class status was reduced from Line Class 1 to Line Class 2. He argues that he suffered loss of a liberty interest because the reduction in line class caused him to be subjected to cell confinement with limited time outside the cell, limited contact with other offenders and harassment by correctional officers. In addition he argues that

his ability to earn good time and his parole eligibility status are both negatively affected by the reduction in his line class status.

Petitioner's argument is foreclosed by well-settled Fifth Circuit law. Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(citing *Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a cause of action based on the reduction in line class.

### 2. Loss of Good Time

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th

Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)).[3]  Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date.  Tex. Gov't Code Ann. §508.147 (West 2014).  The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time.

However, prisoners who commit certain offenses are excluded from eligibility for mandatory release.  *See* Tex. Gov't Code § 508.149 (a) (West 2001) (lists offenses that render an inmate ineligible for release to mandatory supervision).  In this case, Petitioner's conviction for aggravated sexual assault precludes his release to mandatory supervision.  Tex. Gov't Code § 508.149(a)(8)(West 2001) and Tex. Penal Code § 22.021(West 2001).  Because Petitioner is not eligible for release to mandatory supervision, he does not have a liberty interest in earning or keeping good time credits and thus has failed to make out a claim that his due process rights have been violated.  Accordingly, summary judgment should be entered for Respondent.

### 3. Ineffective Assistance of Counsel Substitute

Even if Petitioner were eligible for release to mandatory supervision and had made out a claim that he was denied a protected liberty interest, he could not make out a claim for ineffective assistance of counsel.  It is well settled that an inmate does not have a constitutional right to representation at a disciplinary hearing.  *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).  It follows that if an inmate does not have a right to counsel at a disciplinary hearing, he does not have a right to effective counsel.  Accordingly,

---

[3] Currently located at Tex. Gov't Code Ann. § 508.001(5).

petitioner has failed to state a cause of action based on his allegation that his counsel substitute was ineffective.

### C. Eighth Amendment Claim

Petitioner claims that the guilty verdict and subsequent punishment in his disciplinary case subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights. When an inmate challenges conditions of confinement, as Petitioner does here, the claim is cognizable under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Conversely, a prisoner brings a habeas corpus action when success would necessarily demonstrate the invalidity of his confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because Petitioner's Eighth Amendment claim is a challenge to his conditions of confinement, it should be dismissed without prejudice for refiling in the proper manner.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In Petitioner's case, it is recommended that his cause of action be denied on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that petitioner failed to state a claim for violation of a constitutional right.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 15) be GRANTED. Petitioner's cause of action for habeas corpus relief should be DENIED. It is further recommended that Petitioner's cause of action for violation of his Eighth Amendment right to be free of cruel and unusual punishment be dismissed without prejudice for filing in the proper manner. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 13th day of July, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).