Case 2:15-cv-00470 Document 41 Filed in TXSD on 10/26/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-470 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION

In this § 2254 petition, Petitioner Jerome Johnson challenges the results of a disciplinary conviction (D.E. 1). On July 13, 2016, undersigned recommended that the petition be denied because Petitioner was ineligible for release to mandatory supervision and thus had no liberty interest in the loss of his good time credits (D.E. 35). Petitioner requested and was given until September 21, 2016, to file his objections to the memorandum and recommendation (D.E.39). He timely filed his objections (D.E. 40). On July 21, 2016, Petitioner filed a request for a preliminary injunction, asking for an order that Respondent Davis and her subordinates stop harassing him and retaliating against him for challenging his disciplinary conviction (D.E. 36).

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the

defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Petitioner must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

## Discussion

First of all, Petitioner cannot demonstrate a likelihood of success on the merits of the claim before the court in this petition. The law in the Fifth Circuit is settled that Petitioner has no liberty interest protected by the due process clause for loss of good time credits if he is ineligible for release to mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000). More importantly, the court notes that Petitioner's request for injunctive relief is not cognizable in this habeas action. Petitioner did not allege, when challenging this disciplinary proceeding, that the disciplinary case was brought *in retaliation* for the exercise of his constitutional right complain about conditions in prison. Rather, Petitioner is challenging acts of individual guards and TDCJ-CID officials for bringing false disciplinary actions against him in retaliation for his filing of this action. *See Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995) (a prisoner is permitted to bring a retaliation claim in a habeas action if it is alleged that the challenged disciplinary action was brought in retaliation for exercise of constitutional rights).

Petitioner's claims are new claims that he is being retaliated against for filing the instant action. New claims cannot be raised for the first time in response to the memorandum and recommendation of undersigned to deny relief. *See Cutrera v. Bd. of Supervisors of La. State Univ.,* 429 F.3d 108, 113 (5th Cir. 2005) (new claims cannot be raised for the first time in a response to a motion for summary judgment).

Even if Petitioner's new claims were to be considered in this action, he cannot show a substantial likelihood that he would prevail on the merits of those claims. "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . would not have occurred." *Woods,* 60 F.3d at 1166. Mere conclusory allegations will not suffice. *Id.* Petitioner's personal opinion that he has experienced retaliation in the form of difficulties with law library staff and an increase in disciplinary punishment is conclusory, and not supported by any facts; but more importantly, Petitioner has not alleged any personal involvement by the named Respondent, Lorie Davis. No action would lie against Respondent Davis for *respondeat superior* simply because she is the Director of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise

amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005).  There is no indication that Respondent Davis has any personal involvement in the retaliatory actions, if true, of guards at the McConnell Unit.

     As to the second factor, Petitioner has not alleged any irreparable harm for which there is no remedy at law, such as monetary compensation.  *Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).  Petitioner has not been denied access to the courts.  He asked for, and received, extensions of time to file his response to the motion for summary judgment as well as his objections to the memorandum and recommendation.  Petitioner has been able to research his claim and has cited law in support of that claim.  He has missed no deadlines.  *See Lewis v. Casey*, 518 U.S. 343, 355 (1995) (in an access to courts claim, inmate must show injury, i.e. that he was denied the tools to attack his sentence, directly or collaterally, or denied the tools to challenge conditions on confinement).  Petitioner failed to demonstrate irreparable injury.

     On the third and fourth factors, Petitioner has failed to show that his interest outweighs the interest of the prison in maintaining safety and security at the prison. Petitioner can exhaust his administrative remedies and file a retaliation lawsuit pursuant to § 1983 seeking injunctive relief.  Ordering relief in this lawsuit against persons not parties to this petition would utilize valuable prison resources, and it would not serve the public's interest for the courts to micro-manage the unit.  *See Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations in absence of a constitutional violation).

## Recommendation

Petitioner failed to carry his burden on any of the four factors. A temporary restraining order and preliminary injunction (D.E. 36) should be denied without prejudice. Petitioner is free to seek injunctive relief in a civil rights lawsuit filed pursuant to 28 U.S.C. § 1983.

Respectfully submitted this 26th day of October, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).