United States District Court
Southern District of Texas
**ENTERED**
March 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEROME JOHNSON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:15-CV-470 |
| § | |
| LORIE DAVIS, *et al*, § | |
| § | |
| Respondents. § | |

# ORDER

Petitioner Jerome Johnson ("Johnson"), an inmate in the Texas Department of Criminal Justice ("TDCJ") – Correctional Institutions Division, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding and his related conviction at the McConnell Unit in Beeville, Texas, where he is currently incarcerated. Dkt. No. 1. He has also filed a request for a preliminary injunction, asking for the Court to enjoin Respondent Davis and her subordinates from harassing and retaliating against him as a result of his challenge to his disciplinary conviction. *See* Dkt. No. 36. Johnson does not challenge his holding convictions. *Id.* at 2.

In disciplinary case number 20150349356, Johnson was accused and found guilty of attempting to establish an inappropriate relationship with a correctional officer. Dkt. No. 26-3 at 3. As to the basis for this disciplinary offense, Johnson was accused of "throwing kisses" at a correctional officer and handing her his identification. *Id.* His punishment included: (1) the loss of 45 days loss of commissary, property, and telephone privileges; (2) the loss of 15 days good-time credits, and (3) a reduction in his line class from L1 to L2. Dkt. No. 26-3; Dkt. No. 15 at 3. Johnson disputed his guilt and the findings made in his disciplinary proceedings, and appealed the finding of guilty through the TDCJ grievance procedure. His grievance was denied at both Step 1 and Step 2. Dkt. No. 26-3 at 3.

The Court has before it: Johnson's petition, Dkt. No. 1; Respondents' motion for summary judgment, Dkt. No. 15; Johnson's response, Dkt. No. 18; the Memorandum and Recommendations ("M&R") of the magistrate judge this case was

referred to pursuant to 28 U.S.C. § 636(b) addressing Respondents' motion for summary judgment, Dkt. No. 35, in which Johnson's objections to authenticated summary judgment evidence submitted by Respondents pursuant to the order of the magistrate judge, Dkt. No. 33, are overruled; Johnson's motion for a preliminary injunction, Dkt. No. 36; and the magistrate judge's M&R addressing Johnson's motion for a preliminary injunction, to which Johnson did not respond. The Court reviews objected-to portions of a magistrate judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

The M&R addressing Respondents' summary judgment motion recommends that it be granted, and Johnson's action for habeas corpus relief be denied on the merits, with the exception of one claim under the Eighth Amendment, which it recommends the Court dismiss without prejudice. Dkt. No. 35 at 10. This M&R details the applicable law and reasons for these recommendations in detail. *See id.* It further recommends that a Certificate of Appealability be denied. *Id.* Johnson objects to the M&R addressing summary judgment on the bases that it applied the wrong summary judgment standard to Respondents' motion and Johnson's response, and ignored evidence raising a genuine issue of material fact. *See* Dkt. No. 40. On review of the M&R's application of summary judgment law to Respondents' motion, the Court finds no legal error in its application to Johnson's claims.

Summary judgment is appropriate under the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 65(c). In his petition, Johnson alleges violations of his due process rights stemming from his disciplinary hearing and conviction that are not cognizable under any set of facts. *See* Dkt. No. 35 at 5-9. For instance, Johnson's claim that he has a protected liberty interest in his good-time credits cannot be squared with settled Fifth Circuit law stating that a petitioner must be eligible for release to mandatory supervision to claim such an interest, in view of the fact that Johnson is statutorily ineligible for such release because of his conviction for second-degree sexual assault. *See Arnold*

*v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002); Tex. Gov't Code § 508.149(a)(8)(West 2001). In sum, on independent review of Respondents' motion, Johnson's response, and the M&R addressing them, as well as the remainder of the record in this case and applicable law, the Court finds no reason to disturb the findings of this M&R, Dkt. No. 35.

The M&R addressing Johnson's preliminary injunction suggests that it be denied without prejudice, as it fails to meet any of the four factors required to obtain a preliminary injunction under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 65(a). On independent review of Johnson's motion and the M&R addressing it, as well as applicable law, the Court finds no reason to disturb the findings of this M&R, Dkt. No. 41. Yet Johnson's request for injunctive relief reiterates Eighth Amendment claims alleging retaliation and harassment in response to his challenge to his disciplinary conviction from his petition. The Court notes, as the magistrate judge did, that while such claims are not proper under a § 2254 motion, they may be brought in a civil rights lawsuit filed pursuant to 28 U.S.C. § 1983.

For the foregoing reasons, the Court adopts the entirety of the magistrate judge's proposed findings and recommendations in Dkt. Nos. 35 and 41; **GRANTS** Respondent's motion for summary judgment, Dkt. No. 15; **DISMISSES WITHOUT PREJUDICE** Johnson's cause of action for violation of his Eighth Amendment rights, which he is free to file pursuant to § 1983; **DENIES** Johnson's cause of action for habeas corpus relief, Dkt. No. 1; and **DENIES** Johnson a Certificate of Appealability. The Court further **DIRECTS** the Clerk to close this case after entering the accompanying judgment.

It is so ORDERED.

SIGNED this 28th day of March, 2017.

_____
Hilda Tagle
Senior United States District Judge